UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOYCE BURCHAM,

                         Plaintiff,

    -against-

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,
                      Defendant.
-----------------------------------------------------------------x

Case No.:

**COMPLAINT AND
JURY DEMAND**

Plaintiff, JOYCE BURCHAM, by her attorneys, Cheriff & Fink, P.C., for her Complaint and Jury Demand, respectfully alleges:

## PARTIES

1. JOYCE BURCHAM ("Plaintiff") is a citizen of the State of New York, County of New York, located in the Southern District of New York.

2. At all relevant time, Plaintiff was and still is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the Geisinger Long Term Disability Policy (the "Policy").

3. Upon information and belief, at all relevant times, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("Liberty") is and has been the named claims fiduciary within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A) and is designated as the Plan Administrator and Agent for the service of legal process for the Policy.

4. At all relevant times, the Policy constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1) (the "Plan"). This claim relates to benefits under the foregoing Plan.

## JURISDICTION AND VENUE

5. Plaintiff JOYCE BURCHAM repeats each allegation contained in paragraphs 1 - 4.

6. This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term plan administered by Liberty, and provided by GEISINGER SYSTEM SERVICES ("Geisinger") to JOYCE BURCHAM, one of its employees.

7. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

8. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefits denials. Those avenues of appeal have been duly exhausted.

9. Venue is proper in the Southern District of New York pursuant to 29 U.S.C. § 1132(e)(2), because the Plan as hereinafter defined is administered in this district.

10. Venue is also properly in this district pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

11. This is an action arising under Section 502(a)(1)(B) of ERISA, to recover benefits due under an employee benefit plan, to clarify the rights of Plaintiff to future benefits under such plan, and to recover attorney fees and costs.

## CLAIM FOR BENEFITS

12. Plaintiff was employed by Geisinger as a full-time Biostatistician.

13. Plaintiff ceased working for Geisinger on April 10, 2002 due to medical conditions including but not limited to arachnoiditis, five spinal surgeries, and degenerative disc and joint disease.

14. Plaintiff has not returned to work since April 10, 2002 due to her disabling impairment.

15. Subsequent to ceasing her employment, Plaintiff made a claim for benefits under the Policy stating that she met the Policy definition of "disability" on account of her condition which rendered her "unable to perform all of the material duties of her occupation."

16. Plaintiff's claim was accepted by Liberty and she was paid benefits through January 31, 2005.

17. Since April 10, 2002 through the present time, Plaintiff has been "disabled" as such term is defined in the Policy.

18. By letter dated January 31, 2005, Liberty ceased all benefits on the basis of allegations that Plaintiff was no longer disabled under the Policy.

19. By letter dated July 26, 2005, Plaintiff submitted an administrative appeal of the denial of her disability claim in accordance with 29 U.S.C. § 1133.

20. In support of her appeal, Plaintiff submitted reports attesting to her disability from treating and examining physicians and other relevant evidence, that established her continued disability under the terms of the policy.

21. By letter dated December 15, 2003, the Social Security Administration approved Plaintiff's disability application and classified her as "unlikely to improve."

22. By letter dated November 1, 2005, Liberty stated its final determination that it was upholding the denial of Plaintiff's benefits.

23. Plaintiff has duly complied with and exhausted all administrative remedies under the Policy and this matter is ripe for judicial review.

24. Liberty's determination that Plaintiff is no longer disabled as defined by the Policy is contrary to the terms of the Policy and contrary to the medical evidence.

25. Liberty's denial of Plaintiff's long-term benefits is arbitrary and capricious.

26. Because Plaintiff's administrative appeal of Liberty's denial of benefits was denied, this claim is subject to de novo review by the Court.

27. As a direct and proximate result of Liberty's actions, based on the evidence submitted to Liberty establishing that Plaintiff has met the Policy definition of "disability" continuously since April 10, 2002, Plaintiff is entitled to recover disability benefits that have not been paid to date.

28. Liberty must continue long-term disability benefit payments to Plaintiff until Plaintiff recovers from her disability, death, or to age 65, whichever comes first.

29. Under the terms of the Policy, a disabled participant is entitled to a monthly benefit payment equal to 66.67 percent of pre-disability earnings.

30. By reason of Liberty's failure to pay Plaintiff long term disability benefits as due under the terms of the Policy, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to recover these attorney's fees.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant and that the Court order the Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled,

B. That the Court order the Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the Court clarify and declare that the Defendant is obligated to continue paying Plaintiff's long-term disability benefits as required by the Policy.

D. That the Court award Plaintiff the costs of this action and her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

E. Any other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
July 12, 2006

CHERIFF & FINK, P.C.

BY: _____
KENNETH S. FINK (KSF-8325)
Attorneys for Plaintiff
JOYCE BURCHAM
2 Rector Street, Suite 2104
New York, New York 10006-1893
(212) 285-4100